UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS VERMAST,

      Plaintiff,

vs.                                         CASE NO.:

MILLER'S ALE HOUSE, INC., a Foreign
Profit Corporation, and JOHN
PASSAMONTE, Individually,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NICHOLAS VERMAST, by and through the undersigned attorney, sues the Defendants, MILLER'S ALE HOUSE, INC., a Foreign Profit Corporation, and JOHN PASSAMONTE, Individually, and alleges:

1. Plaintiff, NICHOLAS VERMAST, was an employee of Defendants and brings this action for unpaid minimum wages, overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and Article X, Section 24 of the Florida Constitution.

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, other relief under Article X, Section 24 of the Florida Constitution, and reasonable attorney's fees and costs.

1

## General Allegations

3. Plaintiff, NICHOLAS VERMAST was an employee who worked at Defendants' property within the last three years in Hillsborough County, Florida.

4. Plaintiff, NICHOLAS VERMAST, worked for Defendants as an hourly paid employee at an hourly rate of $8.25 per hour.

5. Defendants claimed a tip credit of $3.02 per hour from Plaintiff's wages.

6. Plaintiff, NICHOLAS VERMAST, worked as a server/waiter for Defendants.

7. At all times material to this cause of action, Plaintiff, NICHOLAS VERMAST, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

8. Defendant, MILLER'S ALE HOUSE, INC., is a Foreign Profit Corporation that operates and conducts business in Hillsborough County, Florida and is therefore, within the jurisdiction of this Court.

9. Plaintiff worked at Defendant, MILLER'S ALE HOUSE, INC.'s, restaurant located at 1817 W. Brandon Blvd., Brandon, Florida 33511.

10. Defendant, MILLER'S ALE HOUSE, INC., operates as a casual sports restaurant and bar. See www.MillersAleHouse.com/about-us/

11. At all times relevant to this action, JOHN PASSAMONTE was an individual resident of the State of Florida, who operated a MILLER'S ALE HOUSE, INC. restaurant, and who regularly exercised the authority to: (a) hire and fire employees of MILLER'S ALE HOUSE, INC.; (b) determine the work schedules for the employees of MILLER'S ALE HOUSE, INC., and (c) control the finances and operations of MILLER'S ALE HOUSE, INC.. By virtue of having regularly exercised that authority on behalf of MILLER'S ALE HOUSE, INC., JOHN PASSAMONTE is/was an employer as defined by 29 U.S.C. § 201, et seq.

12. This action is brought under the FLSA and the Florida Constitution to recover from Defendants overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

13. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

14. During Plaintiff's employment with Defendants, Defendant, MILLER'S ALE HOUSE, INC., earned more than $500,000.00 per year in gross sales.

15. Defendant, MILLER'S ALE HOUSE, INC., employed approximately one-thousand (1,000) employees and paid these employees plus earned a profit from their business.

16. During Plaintiff's employment, Defendant, MILLER'S ALE HOUSE, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as cutlery, plates, glasses, liquor, beer, poultry, seafood, meats, kitchen cleaning products, televisions, and other tools/materials used to run the business.

17. Therefore, at all material times relevant to this action, Defendant, MILLER'S ALE HOUSE, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

18. Additionally, Plaintiff, NICHOLAS VERMAST, is individually covered under the FLSA.

## Wage Violations

19. At all times relevant to this action, Defendants failed to comply with the FLSA and The Florida Constitution because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff the minimum wage for all hours worked and overtime compensation for all overtime hours worked.

20. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more

work weeks.

21.     During his employment with Defendants, Plaintiff was not paid the minimum wage for all hours worked during one or more work weeks.

22.     Specifically, Defendants had a policy and practice that servers could not clock in until they seated their first table of customers. As such, Plaintiff was required to perform both tipped and non-tipped work off the clock while waiting for his first customer(s).

23.     Plaintiff routinely performed off the clock work for approximately one (1) to two (2) hours per shift while waiting for his first table of customers.

24.     Additionally, Defendants had a policy and practice of requiring servers to clock out at the end of their scheduled shifts but require them to continue performing the nightly closing duties.

25.     Plaintiff estimates he was regularly required to work off the clock beyond his scheduled closing time approximately one (1) hour each closing shift.

26.     Due to Defendants' policy and practice of requiring Plaintiff to work off the clock without compensation, Plaintiff did not receive the minimum wage for all hours worked or overtime compensation during weeks in which he worked in excess of forty (40) hours.

27.     Plaintiff is entitled to time and one-half his regular rate of pay for all hours worked in excess of forty (40) per week.

28.     Plaintiff is entitled to the full minimum wage for all hours worked off the clock.

29.     Defendants are not entitled to a tip credit for any off the clock work because Plaintiff did not receive the required cash wage $5.23 per hour while he performed off the clock work.

30.     Based upon these above policies, Defendants have violated the FLSA and Florida Constitution by failing to pay complete overtime wages and the minimum wage.

31.     Upon information and belief, the records, to the extent any exist, concerning the number of

hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 above as though stated fully herein.

33. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

34. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

35. Plaintiff did not receive any overtime compensation for work performed in excess of forty (40) due to Defendants' policy and practice of requiring Plaintiff to work off the clock in an effort to avoid paying overtime.

36. Defendants have failed to provide accurate overtime compensation for numerous pay periods.

37. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

38. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

39. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

40. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NICHOLAS VERMAST demands judgment against Defendants

for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – RECOVERY OF MINIMUM WAGES (FEDERAL)

41.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 above.

42.     Plaintiff was entitled to be paid the full statutory minimum wage for all hours worked per week during his employment with Defendants.

43.     Plaintiff is entitled to receive the applicable statutory Florida minimum wage rate for all hours worked per week during his employment with Defendant pursuant to 29 C.F.R. 778.5.

44.     Defendants have a common pay policy and/or pay practice which violates the FLSA's tip credit wage provisions and therefore failed to pay Plaintiff at least the statutory minimum wage for all hours worked per week as a result of requiring Plaintiff to work off the clock.

45.     During his employment with Defendants, Plaintiff was not paid the minimum wage as a result of Defendants' practice of requiring Plaintiff to work off the clock without compensation prior to being assigned his first table of customers.

46.     Additionally, Plaintiff was not paid the minimum wage as a result of Defendant's practice of requiring Plaintiff to work off the clock beyond the end of a scheduled shift.

47.     During instances of off the clock work, Plaintiff was not compensated the required cash wage ($5.23 per hour) from Defendants.

48.     Because of these policies, Defendants violated the FLSA's tip-credit provisions and the FLSA's provision on minimum wages (29 U.S.C. §206).

49.     As a result of these actions, Plaintiff was not paid the minimum wage for all the hours

worked with Defendants in violation of the FLSA.

50. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

51. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

52. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NICHOLAS VERMAST demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

53. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 above.

54. Plaintiff was entitled to be paid the Florida minimum wage for all hours worked per week during his employment with Defendants.

55. Defendants failed to compensate Plaintiff at the applicable statutory minimum wage rate for all hours worked per week during one or more workweeks during the relevant time period.

56. Defendants were aware of the laws which required that its employees be paid at least the statutory minimum wage for all hours worked per workweek.

57. Defendant willfully failed to pay Plaintiff the minimum wage during one or more workweeks during the subject period of work contrary to Article X, Section 24 of the Florida Constitution.

58. Because of this policy, Defendants violated the Florida Constitution's minimum wage provisions.

59. As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wages for the subject weeks that he worked for the Defendant.

60. As a result of Defendant's willful violation of the Florida Constitution, Plaintiff is entitled to liquidated damages and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, NICHOLAS VERMAST demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 11th day of January 2019.

/s/ Matthew R. Gunter

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff

8