UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS VERMAST,                :
                                 :
        Plaintiff,               :
                                 :
v.                               :   Case No. 8:19-cv-00093-EAK-AAS
                                 :
MILLER'S ALE HOUSE, INC.,        :
A Foreign Profit Corporation, and JOHN :
PASSAMONTE, Individually,        :
                                 :
        Defendants.              :
_____  :

## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Miller's Ale House, Inc. and John Passamonte (collectively, "Defendants"), by and through their undersigned counsel, hereby submit their Answer and Defenses to the Complaint filed by Plaintiff, Nicholas Vermast ("Vermast" or "Plaintiff").

Responding to the specifically numbered paragraphs of Plaintiff's Complaint,[1] and using the same numbered paragraphs and headings to appear therein, Defendants state as follows:

1. In response to Paragraph No. 1 of Plaintiff's Complaint, Defendants acknowledge that Plaintiff brings this action for "unpaid minimum wages, overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA")," but deny that any unlawful practices occurred and deny that Plaintiff is entitled to any relief whatsoever. Defendants deny any remaining allegations in Paragraph No. 1 of Plaintiff's Complaint.

---

[1] In regard to Plaintiff's unnumbered paragraph found under the "Complaint and Demand for Jury Trial" heading, Defendants acknowledge that Plaintiff is suing Defendants, but deny that any unlawful practices occurred and deny that Plaintiff is entitled to any relief.

1

2. In response to Paragraph No. 2 of Plaintiff's Complaint, Defendants admit only that jurisdiction is proper in this Court, but deny that Defendants are liable to Plaintiff, deny that Plaintiff is entitled to any relief sought in his Complaint, and deny all remaining allegations in Paragraph No. 2 of Plaintiff's Complaint.

## General Allegations

3. In response to Paragraph No. 3 of Plaintiff's Complaint, Defendants admit only that Plaintiff was an employee of Miller's Ale House and worked at one of its locations in Hillsborough County within the last three years. Defendants deny all remaining allegations in Paragraph No. 3 of Plaintiff's Complaint.

4. In response to Paragraph No. 4 of Plaintiff's Complaint, Defendants admit only that Plaintiff worked for Miller's Ale House as an hourly paid employee. Defendants deny all remaining allegations in Paragraph No. 4 of Plaintiff's Complaint.

5. In response to Paragraph No. 5 of Plaintiff's Complaint, Defendants admit only that Miller's Ale House took a tip credit of $3.02 for some of Plaintiff's hours. Defendants deny all remaining allegations in Paragraph No. 5 of Plaintiff's Complaint.

6. In response to Paragraph No. 6 of Plaintiff's Complaint, Defendants admit only that Plaintiff worked as a server for Miller's Ale House. Defendants deny all remaining allegations in Paragraph No. 6 of Plaintiff's Complaint.

7. In response to Paragraph No. 7 of Plaintiff's Complaint, Defendants admit only that based on the information currently known it appears Plaintiff was a non-exempt employee of Miller's Ale House. Defendants deny all remaining allegations in Paragraph No. 7 of Plaintiff's Complaint.

8. Defendants admit the allegations in Paragraph No. 8 of Plaintiff's Complaint.

9. Defendants admit the allegations in Paragraph No. 9 of Plaintiff's Complaint.

10. Defendants admit the allegations in Paragraph No. 10 of Plaintiff's Complaint.

11. In response to Paragraph No. 11 of Plaintiff's Complaint, Defendants admit only that Defendant Passamonte has resided in the state of Florida during a period of time. Defendants deny all remaining allegations in Paragraph No. 11 of Plaintiff's Complaint.

12. In response to Paragraph No. 12 of Plaintiff's Complaint, Defendants acknowledge that Plaintiff brings this action under the FLSA and Florida Constitution, but deny that any unlawful practices occurred and deny that Plaintiff is entitled to any relief whatsoever. Defendants deny any remaining allegations in Paragraph No. 12 of Plaintiff's Complaint.

13. Defendants admit the allegations in Paragraph No. 13 of Plaintiff's Complaint.

14. Defendants admit the allegations in Paragraph No. 14 of Plaintiff's Complaint.

15. In response to Paragraph No. 15 of Plaintiff's Complaint, Defendants do not know what time period Plaintiff refers to and, therefore deny the allegations.

16. In response to Paragraph No. 16 of Plaintiff's Complaint, Defendants admit that Miller's Ale House is subject to the FLSA. Defendants deny any remaining allegations in Paragraph No. 17 of Plaintiff's Complaint.

17. In response to Paragraph No. 17 of Plaintiff's Complaint, Defendants admit that Miller's Ale House is subject to the FLSA. Defendants deny any remaining allegations in Paragraph No. 17 of Plaintiff's Complaint.

18. Defendants deny the allegations in Paragraph No. 18 of Plaintiff's Complaint.

## **ALLEGED WAGE VIOLATIONS**

19. Defendants deny the allegations in Paragraph No. 19 of Plaintiff's Complaint.

20. Defendants deny the allegations in Paragraph No. 20 of Plaintiff's Complaint.

21. Defendants deny the allegations in Paragraph No. 21 of Plaintiff's Complaint.

22. Defendants deny the allegations in Paragraph No. 22 of Plaintiff's Complaint.

23. Defendants deny the allegations in Paragraph No. 23 of Plaintiff's Complaint.

24. Defendants deny the allegations in Paragraph No. 24 of Plaintiff's Complaint.

25. Defendants deny the allegations in Paragraph No. 25 of Plaintiff's Complaint.

26. Defendants deny the allegations in Paragraph No. 26 of Plaintiff's Complaint.

27. Defendants deny the allegations in Paragraph No. 27 of Plaintiff's Complaint.

28. Defendants deny the allegations in Paragraph No. 28 of Plaintiff's Complaint.

29. Defendants deny the allegations in Paragraph No. 29 of Plaintiff's Complaint.

30. Defendants deny the allegations in Paragraph No. 30 of Plaintiff's Complaint.

31. In response to Paragraph No. 31 of Plaintiff's Complaint, Defendants admit only that Miller's Ale House has records of the hours worked by Plaintiff. Defendants deny any remaining allegations in Paragraph No. 31 of Plaintiff's Complaint.

## **COUNT I-RECOVERY OF ALLEGED OVERTIME COMPENSATION**

32. In response to Paragraph No. 32 of Plaintiff's Complaint, Defendants restate and incorporate their responses to Paragraphs 1 through 31 of Plaintiff's Complaint.

33. In response to Paragraph No. 33 of Plaintiff's Complaint, Defendants state that Plaintiff has stated a legal conclusion that requires not response. To the extent a response is required, Defendants deny all allegations in Paragraph No. 33 of Plaintiff's Complaint.

34. Defendants deny the allegations in Paragraph No. 34 of Plaintiff's Complaint.

35. Defendants deny the allegations in Paragraph No. 35 of Plaintiff's Complaint.

36. Defendants deny the allegations in Paragraph No. 36 of Plaintiff's Complaint.

37. Defendants deny the allegations in Paragraph No. 37 of Plaintiff's Complaint.

38. Defendants deny the allegations in Paragraph No. 38 of Plaintiff's Complaint.

39. Defendants deny the allegations in Paragraph No. 39 of Plaintiff's Complaint.

40. In response to Paragraph No. 40 of Plaintiff's Complaint, Defendants acknowledge Plaintiff's demand for a jury trial, but deny Plaintiff is entitled to any relief whatsoever. In response to the "WHEREFORE" clause following Paragraph No. 40 of Plaintiff's Complaint, Defendants deny all factual allegations included therein and deny that Plaintiff is entitled to the relief described therein or to any other relief.

**COUNT II-RECOVERY OF ALLEGED MINIMUM WAGES (FEDERAL)**

41. In response to Paragraph No. 41 of Plaintiff's Complaint, Defendants restate and incorporate their responses to Paragraphs 1 through 31 of Plaintiff's Complaint.

42. In response to Paragraph No. 42 of Plaintiff's Complaint, Defendants state that Plaintiff has stated a legal conclusion that requires not response. To the extent a response is required, Defendants deny all allegations in Paragraph No. 42 of Plaintiff's Complaint.

43. In response to Paragraph No. 43 of Plaintiff's Complaint, Defendants state that Plaintiff has stated a legal conclusion that requires not response. To the extent a response is required, Defendants deny all allegations in Paragraph No. 43 of Plaintiff's Complaint.

44. Defendants deny the allegations in Paragraph No. 44 of Plaintiff's Complaint.

45. Defendants deny the allegations in Paragraph No. 45 of Plaintiff's Complaint.

46. Defendants deny the allegations in Paragraph No. 46 of Plaintiff's Complaint.

47. Defendants deny the allegations in Paragraph No. 47 of Plaintiff's Complaint.

48. Defendants deny the allegations in Paragraph No. 48 of Plaintiff's Complaint.

49. Defendants deny the allegations in Paragraph No. 49 of Plaintiff's Complaint.

50. Defendants deny the allegations in Paragraph No. 50 of Plaintiff's Complaint.

51. Defendants deny the allegations in Paragraph No. 51 of Plaintiff's Complaint.

52. In response to Paragraph No. 52 of Plaintiff's Complaint, Defendants acknowledge Plaintiff's demand for a jury trial, but deny Plaintiff is entitled to any relief whatsoever. In response to the "WHEREFORE" clause following Paragraph No. 52 of Plaintiff's Complaint, Defendants deny all factual allegations included therein and deny that Plaintiff is entitled to the relief described therein or to any other relief.

### COUNT III-RECOVERY OF ALLEGED MINIMUM WAGES (FLORIDA CONSTITUTION)

53. In response to Paragraph No. 53 of Plaintiff's Complaint, Defendants restate and incorporate their responses to Paragraphs 1 through 31 of Plaintiff's Complaint.

54. In response to Paragraph No. 54 of Plaintiff's Complaint, Defendants state that Plaintiff has stated a legal conclusion that requires not response. To the extent a response is required, Defendants deny all allegations in Paragraph No. 54 of Plaintiff's Complaint.

55. Defendants deny the allegations in Paragraph No. 55 of Plaintiff's Complaint.

56. Defendants deny the allegations in Paragraph No. 56 of Plaintiff's Complaint.

57. Defendants deny the allegations in Paragraph No. 57 of Plaintiff's Complaint.

58. Defendants deny the allegations in Paragraph No. 58 of Plaintiff's Complaint.

59. Defendants deny the allegations in Paragraph No. 59 of Plaintiff's Complaint.

60. Defendants deny the allegations in Paragraph No. 60 of Plaintiff's Complaint. In response to the "WHEREFORE" clause following Paragraph No. 60 of Plaintiff's Complaint, Defendants deny all factual allegations included therein and deny that Plaintiff is entitled to the relief described therein or to any other relief.

**Defendants deny all allegations, requests for relief, captions, headings or notes throughout Plaintiff's Complaint, which are not specifically admitted by Defendants.**

## DEFENSES

In asserting the defenses that follow, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendants are continuing to investigate Plaintiff's allegations, and therefore, reserve the right to amend their Answer and Defenses.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants acted in full compliance and conformity with and in reliance upon the FLSA and applicable state and federal laws, regulations, orders, opinions and interpretations, as well as with the enforcement policies with respect to the class of employers to which Defendants belonged. Defendants acted in good faith as a reasonably prudent entity would under the circumstances, with a belief of reasonable compliance, and are not subject to any liability for their alleged failure to pay minimum or overtime wages required by the FLSA.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part to the extent they were not filed within the applicable limitations period under the FLSA or Florida law. The applicable statute of limitations bars in whole or in part any claims, causes of action, and damages alleged in the Complaint occurring more than two years prior to the filing of the Complaint. Defendants affirmatively state that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing that Defendants were in full compliance with the FLSA. As such, the statute of limitations can be no longer than two (2) years under the FLSA in accordance with 29 U.S.C. § 255(a).

## FOURTH DEFENSE

Defendants acted in good faith and have reasonable grounds for believing that their acts did not violate the FLSA, and any claims for willful violations, for a three-year limitations period, or for liquidated damages, should be dismissed.

## FIFTH DEFENSE

Even if Plaintiff is owed overtime compensation, the amount of any such compensation owed would be *de minimis* and, therefore, not subject to payment under the FLSA.

## SIXTH DEFENSE

Defendants are not subject to liability under the FLSA for any alleged failure to pay overtime compensation for either "preliminary or postliminary activities" or for "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform," in accordance with 29 U.S.C. § 254.

## SEVENTH DEFENSE

The claims set forth in the Complaint are barred, in whole, or in part, by the doctrine of payment because Defendants properly compensated Plaintiff for all time worked in accordance with the FLSA.

## EIGHTH DEFENSE

In the event of a judgment adverse to Defendants, Plaintiff is not entitled to recover both liquidated damages and pre-judgment interest in an action arising under the FLSA.

## NINTH DEFENSE

Even if Plaintiff prevails, Defendants are entitled to a set-off with respect to any overpayment to Plaintiff or monies paid to Plaintiff for any hours when Plaintiff was not actually performing work for Defendants.

### TENTH DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands and/or laches to the extent Plaintiff intentionally falsified his time records, underreported his work hours, failed to disclose any known discrepancy in his pay, and/or intentionally concealed off-the-clock activities from Defendants.

### ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.  To the extent Plaintiff failed to report his hours allegedly worked and/or overtime hours as required, and/or failed to demand additional compensation after a prolonged course of dealing, Plaintiff has waived any alleged claim and is estopped from asserting such claims.

### TWELFTH DEFENSE

Plaintiff has failed to mitigate or reasonably attempt to mitigate his alleged damages, if any, as required by law.

### THIRTEENTH DEFENSE

Plaintiff has waived his rights, if any, to pursue the claims in the Complaint, and each purported cause of action contained therein, by reason of his own acts, omissions, and course of conduct.

### FOURTEENTH DEFENSE

Plaintiff may not recover liquidated damages because (i) Defendants acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; (ii) Defendants did not authorize or ratify any willful violation with respect to Plaintiff; and (iii) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

**FIFTEENTH DEFENSE**

Plaintiff's Complaint is barred in whole, or in part, by § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 because Defendants relied in good faith on, and acted in conformity with, written interpretations of the FLSA promulgated by the Secretary of Labor and on the stated administrative practices and enforcement policies of the Department of Labor.

**SIXTEENTH DEFENSE**

Defendants are not liable for any hours worked by Plaintiff that were unauthorized or performed without their actual or constructive knowledge.

**SEVENTEENTH DEFENSE**

Defendant Passamonte was not Plaintiff's employer under the FLSA and, therefore, any claims against him should be dismissed.

**EIGHTEENTH DEFENSE**

Plaintiff's Complaint is barred to the extent he failed to provide proper notice of intent to initiate a Florida unpaid wages action.

**RESERVATION OF RIGHTS**

Defendants reserve the right to assert additional affirmative and other defenses and matters in avoidance that may be revealed through additional investigation and discovery.

WHEREFORE, having fully answered and responded to each one of the allegations set forth in Plaintiff's Complaint, Defendants respectfully request:

a. Plaintiff's claims be stricken or dismissed with prejudice in their entirety;

b. Each and every prayer for relief in Plaintiff's Complaint be denied;

c. Judgment be entered in favor of Defendants;

  d. All costs incurred by Defendants in this action be awarded to it as the prevailing party;

  e. All reasonable attorneys' fees incurred by Defendants in this action be awarded to them for, among other reasons, Plaintiff commencing and litigating this action without substantial factual or legal support; and

  f. That Defendants be granted such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        **FORDHARRISON LLP**

      By: */s/ Luis A. Santos*
        Luis A. Santos
        Florida Bar No. 84647
        lsantos@fordharrison.com
        David Kalteux
        dkalteux@fordharrison.com
        Florida Bar No. 118746

        101 E. Kennedy Boulevard
        Suite 900
        Tampa, Florida 33602
        Telephone:  (813) 261-7800
        Facsimile:   (813) 261-7899

        Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on March 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Matthew R. Gunter, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, 16th Floor
P.O. Box 4979
Orlando, Florida 32802-4979
mgunter@forthepeople.com

      */s/ Luis A. Santos*
      Attorney

WSACTIVELLP:10419297.1